UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| PETER PAUL HANNAH,<br><br>               Plaintiff,<br><br>   v.<br><br>HANNOVER MARRIOTT,<br><br>               Defendant. | CASE NO. C10-5926BHS<br><br>ORDER DENYING MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS AND FOR MOTION TO APPOINT COUNSEL |

This matter comes before the Court on Plaintiff's ("Hannah") *ex parte* motions for leave to proceed in forma pauperis (Dkt. 1) and for appointment of counsel (Dkt. 2). The Court has considered the pleadings filed in support of these motions and the remainder of the file and hereby denies the motions for the reasons stated herein.

## I. DISCUSSION

**A.**    **In Forma Pauperis**

The district court may permit indigent litigants to proceed in forma pauperis upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). However, the Court has broad discretion in denying an application to proceed in forma pauperis. *Weller v. Dickson*, 314 F.2d 598 (9th Cir. 1963), *cert. denied,* 375 U.S. 845 (1963). "A district court may deny leave to proceed in forma pauperis at the outset if it appears from

ORDER - 1

1  the face of the proposed complaint that the action is frivolous or without merit." *Tripati v.*
2  *First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir. 1987).

3  The Court is unable to determine what cause of action might lie with Hannah's
4  allegations, and Hannah has not plead any valid causes of action. Based on the Court's
5  review of Hannah's complaint, the Court finds it to be without merit and conceivably
6  frivolous.

7  Therefore, the Court denies Hannah's motion to proceed in forma pauperis.

**B.  Motion for Appointment of Counsel**

"28 U.S.C. § 1915(d) confers on a district court the discretion to designate counsel to represent an indigent civil litigant." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (citing *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir.1984)). In *Wilborn,* the Ninth Circuit elaborated on this rule:

> The rule that counsel may be designated under section 1915(d) only in "exceptional circumstances" derives from *Weller v. Dickson*, 314 F.2d 598, 600 (9th Cir. [1963]), *cert. denied*, 375 U.S. 845 (1963), which held that "the privilege of pleading in forma pauperis . . . in civil actions for damages should be allowed only in exceptional circumstances." *Weller* was extended, without comment, to "appointment of counsel" in *United States v. Madden*, 352 F.2d 792, 794 (9th Cir. 1965). *Madden* was then cited for the rule in *Alexander v. Ramsey*, 539 F.2d 25, 26 (9th Cir. 1976); *United States v. McQuade*, 579 F.2d 1180, 1181 (9th Cir. 1978), on appeal after remand, (9th Cir.1981), *cert. denied*, 455 U.S. 958 (1983); *Aldabe v Aldabe*, 616 F.2d 1089, 1093 (9th Cir. 1980); and *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984). A finding of exceptional circumstances *requires an evaluation of both* "the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983), quoted in *Kuster*, 773 F.2d at 1049. Neither of these factors is dispositive and *both must be viewed together* before reaching a decision on request of counsel under section 1915(d).

*Wilborn,* 789 F.2d at 1331 (emphasis added). The burden to demonstrate a likelihood of success on the merits rests on a plaintiff. *Id*.

In the present matter, Hannah has failed to demonstrate the likelihood of success on the merits. In fact, Hannah does not even attempt to address the likelihood of success

ORDER - 2

on the merits of his claims. *See* Dkt. 2. Hannah has also failed to demonstrate that other extraordinary circumstances exist.

Therefore, the Court denies Hannah's motion for appointment of counsel.

## II. ORDER

Therefore, it is hereby **ORDERED** that Hannah's motion to proceed in forma pauperis and motion for appointment of counsel are **DENIED**. If Hannah desires to proceed with this civil action, he shall pay the $350 filing fee to the Court Clerk not later than February 10, 2011. If he fails to timely submit the filing fee, the Clerk is directed to dismiss this case without prejudice.

DATED this 10th day of January, 2011.

_____
BENJAMIN H. SETTLE
United States District Judge